

### IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| **JAMES TAYLOR, and**<br>**MELISSA TAYLOR,** | |
| **Plaintiff,** | **JURY DEMAND (12)** |
| **vs.** | **Case No.** |
| **VELOX EXPRESS, INC.,** | |
| **Defendant.** | |

### <u>COMPLAINT</u>

Come now the Plaintiffs, JAMES TAYLOR and MELISSA TAYLOR, by and through counsel, and file this civil action again the Defendant, VELOX EXPRESS, INC.

### I.     PARTIES

1.     Plaintiffs James Taylor and Melissa Taylor are residents and citizens of Smyrna, Rutherford County, Tennessee.

2.     Upon information and belief, Defendant Velox Express, Inc. (hereinafter referred to as "Velox" or "Velox Express") is an Indiana corporation that conducts business for profit in the State of Tennessee. Its principal place of business is 720 Executive Park Drive, Suite 1500, Greenwood, Indiana 46142.  Velox Express may be served with process through its agent, Brent Waltz, at 1527 Ashwood Court, Greenwood, Indiana, 46143.

3.     The events complained of herein occurred in Davidson County, Tennessee. Jurisdiction and venue are proper.

### II.     FACTS

4.     On or about June 8, 2020, Plaintiff James Taylor was an independent contractor for defendant Velox.

**EXHIBIT 1**

5.      On or about June 8, 2020, Plaintiff James Taylor was not an employee of Velox.

6.      Defendant Velox hires independent contractor drivers as their delivery drivers to deliver medical supplies to various clinics and hospitals.

7.      Defendant Velox has the responsibility to train its delivery drivers in proper procedures and techniques on the dangers of the products the drivers deliver.

8.      Defendant Velox has the responsibility to warn its delivery drivers on the potential harms it could cause to the drivers and to the other drivers and people in our community.

9.      Defendant Velox had the responsibility to provide its medical supplies in a safety container that will protect its delivery drivers from being harmed by the dangerous products it requires its delivery drivers to deliver.

10.     By failing to provide safe containers to contain the hazardous materials it required delivery drivers to deliver, Velox put not only the delivery drivers at risk, but also put other people of the community at risk, such as other drivers on our roadways, pedestrians and anyone else using the roads throughout our community.

11.     Defendant Velox does not provide safety training to the delivery drivers of medical supplies, and only gives delivery drivers routes and products to deliver. Their delivery drivers often are totally unaware of the cargo they are delivering.

12.     Defendant Velox failed in its responsibility to train its delivery drivers in proper and safe delivery procedures.

13.     Defendant Velox does not screen its potential delivery drivers to inquire in their background to see if they have had any experience in the handling and transport of hazardous materials.

2

14.     Defendant Velox refuses to acknowledge they have any duty to provide safety training to their delivery drivers in the scope of delivering hazardous materials.

15.     Defendant Velox had the responsibility to train James Taylor on proper safety techniques before instructing him to deliver a hazardous material in his car.

16.     Defendant Velox had the responsibility to warn James Taylor of the dangers of delivering hazardous materials inside his car before directing him to deliver the hazardous materials, such as carbon dioxide.

17.     Defendant Velox breached their duty to train and to warn James Taylor on the hazards and extreme danger of delivering hazardous material inside his automobile on and before June 8, 2020.

18.     As a direct and proximate result of the failure of Velox to train its drivers on proper and safe delivery techniques of hazardous materials, James Taylor was directed to deliver hazardous materials without proper containment and with no warning of the pending danger.

19.     On June 8, 2020, James Taylor was given an assignment by Defendant Velox to deliver dry ice to a local hospital or other medical facility.

20.     The dry ice James Taylor was directed to deliver was initially held at Defendant Velox's local office, located at 501 Metroplex Drive, Suite #309, in Nashville, Davidson County, Tennessee.

21.     James Taylor was ordered by Velox Express management to deliver the dry ice to St. Thomas West Hospital in Nashville, Tennessee.

22.     Before delivering the dry ice to St. Thomas West Hospital, James Taylor was ordered by defendant Velox to stop by PathGroup Lab, believed to be located at 505 Airpark Circle Drive, in Nashville Tennessee to pick up a delivery package.

3

23.     James Taylor was ordered by Velox Express manager or dispatcher to get the dry ice out of a freezer on the Velox Express premises located at 501 Metroplex Drive, Suite #309, in Nashville, Davidson County, Tennessee.

24.     James Taylor put the dry ice in his car as instructed by the employees and manager at Velox Express.

25.     Dry ice is a hazardous material.

26.     Dry ice is required by the shipper to be placed in a safe cooler designed for the storage of dry ice.

27.     Dry ice is a suffocation hazard.

28.     At no time prior to June 8, 2020, had Plaintiff James Taylor received any training from Defendant Velox on how to safely transport dry ice.

29.     Plaintiff James Taylor was not aware that dry ice was a hazardous material.

30.     Defendant Velox express did not require James Taylor to put the dry ice into a container that would keep the vapors from spreading into his passenger compartment of his car.

31.     Plaintiff James Taylor put the dry ice inside the back of his car as he was asked to do by the manager at Defendant Velox.

32.     As the dry ice evaporated in James Taylor's vehicle, the $CO_2$ levels in his car increased while the oxygen level in his car decreased directly because of the dry ice fumes.

33.     As James Taylor drove down the streets of Nashville, he was not aware his ambient oxygen levels were decreasing due directly to the dry ice that was melting and sublimating inside his car.

4

34.     As the plaintiff James Taylor passed other cars and pedestrians on the roadway through busy intersections as he drove down the streets in the Nashville community, he began to lose consciousness due to the air in his car being contaminated with dry ice fumes.

35.     Any person that just happened to be in the vicinity of James Taylor on June 8, 2020 as he drove his car while the dry ice was contaminating his driver compartment air was unknowingly in great danger due to James Taylor driving in a hypoxic state.

36.     James Taylor has no memory of leaving the Velox express location and driving on the street on June 8th, 2020 after he loaded his car with dry ice as ordered by his dispatcher at Velox.

37.     At some point in his delivery drive on June 8, 2020 after leaving Velox carrying their dry ice, James Taylor lost consciousness while he was alone in his car, driving down the streets in Nashville.

38.     James Taylor was later found slumped over and passed out in a parking lot. He was purple in color. He had thrown up on himself several times.

39.     James Taylor was in a severe hypoxic state. He appeared to be purple in color. He was rushed by ambulance to Southern Hills Hospital as a result of his hypoxic state.

40.     James Taylor was hospitalized as a direct result of the negligence of defendant Velox.

41.     James Taylor has incurred over $150,000 dollars in medical expenses as a direct result of the negligence of defendant Velox.

42.     Velox Express is 100% responsible for James Taylor's harms and losses due to its failure to screen its drivers for proper hazardous material handling experience, failure to train its delivery drivers and for its failure to warn the delivery drivers of the deadly risks of delivering hazardous substances.

5

43.     Failure to train delivery drivers on how to deliver hazardous substances which could potentially kill them and other people who come into contact with their drivers is reckless and dangerous conduct.

44.     On June 8, 2020, and prior thereto, Defendant Velox Express acted recklessly by allowing delivery drivers to deliver their hazardous substances with little to no training.

45.     Plaintiff James Taylor did nothing to cause his injuries on that day, June 8, 2020.

46.     Plaintiff James Taylor did not violate any rule or guideline that he was instructed to do during his entire tenure as a Velox independent contract delivery driver.

47.     No other entity is responsible for the harms and losses brought to James Taylor on June 8, 2020 other than Defendant Velox.

48.     Since June 8, 2020, Velox Express has done absolutely nothing to change its lack of policy and procedures regarding adequate safety training for its independent delivery drivers in the delivery of hazardous substances.

49.     As of the date of the filing of this complaint, Defendant Velox has absolutely no policy and procedure that addresses how its delivery drivers are to safely handle the delivery of hazardous substances.

50.     Defendant Velox has taken no efforts to ensure that each one of its independent contractor delivery drivers is aware of the safety procedures of safe dry ice delivery.

51.     Defendant Velox continues to deliver dry ice on a daily basis by its drivers all throughout the Davidson County community as well as those communities surrounding Davidson County, Tennessee.

6

Copy

52.     As of the date of the filing of this Complaint, Defendant Velox still does not warn its delivery drivers on the dangers of delivering dry ice and other hazardous materials.

53.     Defendant Velox has no position of safety for the Nashville office that takes reasonable steps to make sure their independent delivery drivers are properly and safely trained.

54.     Despite knowing that James Taylor could have been killed due to Velox's negligence, or that he could have killed other drivers and pedestrians on our roadways, Defendant Velox Express has done nothing to change their lack of safety training given to delivery drivers.

55.     Defendant Velox Express has a systemic internal disregard of public safety when it comes to providing minimal safety training to any of its independent delivery drivers.

56.     Defendant Velox Express does business all over the United States of America, in many large cities and towns.

57.     The way defendant Velox chooses to enforce safety is not just limited to its offices in Nashville Tennessee.  Their lack of safety training is an internal, corporate wide systemic failure.

58.     Defendant Velox Express also has a lack of care and attention to training its delivery drivers in other states as it fails to do so here in our State of Tennessee.

59.     As a direct and proximate result of the incident described herein Plaintiff James Taylor incurred medical expenses for the treatment of his injuries, and he will likely incur medical expenses in the future.

60.     Defendant Velox is 100% responsible for causing the incident described herein.

## III.    ACTS OF NEGLIGENCE

61.    Plaintiffs incorporate paragraphs 1-60 herein for the above stated duties, and violations of each such duty.

62.    Defendant Velox owed a duty of care to Plaintiff James Taylor in the training and supervision of Velox independent contractor drivers at its facility.

63.    Defendant Velox violated the duty of care owed to plaintiff James Taylor in negligently training and supervising him before providing him with a hazardous material to deliver for their benefit.

64.    Defendant Velox had the duty and responsibility to warn James Taylor of the dangers of transporting dry ice, which they failed to do, and caused him to suffer damages as a direct and proximate result of their negligence.

65.    Defendant Velox had the duty and responsibility to train and supervise James Taylor's use of hazardous chemicals they supplied to him, which they failed to do, and caused him to suffer damages as a direct and proximate result of their negligence.

66.    As a direct and proximate result of the acts and/or omissions of Defendant Velox, Plaintiff James Taylor suffered painful personal injuries and other harms and losses.

## IV.    DAMAGES

67.    As a direct result of the harm caused to plaintiff James Taylor, he was taken to Southern Hills Hospital where he was admitted into their Intensive Care Unit (ICU).

68.    Plaintiff James Taylor was subjected to numerous and painful tests, including a heart catheterization.

8

69.     Plaintiff James Taylor was kept in ICU for 3 days. At first the doctors thought he had passed out due to a heart attack.  He was told that he was likely to be sent to the operating room to have open heart surgery.  He was later told that he had a stroke, then later told he may have suffered a blood clot in his lungs.

70.     During his hospital stay, plaintiff James Taylor was scared he was about to die.

71.     During his hospital stay, plaintiff's wife was unable to be by his side due to COVID-19 precautions.  This circumstance made his hospitalization even more frightful and he was not able to receive any comfort from his wife Melissa.   This caused great distress to both Jim and Melissa Taylor.

72.     Plaintiff had multiple tests, MRI's, sonograms, chest x-rays, blood tests and other tests that ruled out internal physiological etiologies of his hypoxic condition.

73.     Plaintiff James Taylor's doctor at Centennial Heart at Southern Hills, Dr. Steven S. Humphrey, M.D. has opined that the cause of James Taylor's hospital stay is directly caused by the dry ice hypoxic event of June 8, 2020.

74.     As a direct and proximate result of the Defendant's negligent acts and/or omissions as indicated above, Plaintiff James Taylor sustained harms and losses to his body and to his earning capacity.

75.     As a direct and proximate result of the Defendant's negligent acts and/or omissions, Plaintiff James Taylor has become liable for certain medical expenses related to the injuries suffered from the event described herein.

9

76.     As a direct and proximate result of the Defendant's negligent acts and/or omissions, Plaintiff James Taylor is entitled to recover damages from one or more of the Defendants for the following:

   a) Any and all applicable special damages or **Economic Damages** as defined by ***Tenn. Code Ann. §29-39-101(1);***

   b) Any and all applicable **Noneconomic Damages** as defined by ***Tenn. Code Ann. § 29-39-101(2)***

77.     At all times material hereto Plaintiff James Taylor and Plaintiff Melissa Taylor were, and continue to be, married to each other.

78.     Plaintiff Melissa Taylor asserts a claim for loss of consortium because the incident described herein has harmed and affected, and continues to harm and affect, her marital relationship with her husband, Plaintiff James Taylor.

## PUNITIVE DAMAGES

79.     Defendant Velox chose to not train its independent contract delivery drivers on how to safely handle a material classified as "Hazardous" prior to June 8, 2020.

80.     Defendant chose not to warn its independent contractor delivery drivers of the known dangers of the product they sold and profited from.

81.     Defendant Velox acted recklessly and intentionally by failing to train and warn its independent delivery drivers of the extreme danger of the hazardous material it directed them to deliver. This chosen conduct is reprehensible and is an ongoing pattern of disregard for the safety of not only their independent contract delivery drivers, but for all other people in our community who continue to encounter their delivery drivers on a daily basis on our roadways.

10

82.     As a result of the defendant's careless conduct, the plaintiffs are therefore entitled to punitive damages.

## V.     RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs sue the Defendant and demand judgment against them for compensatory damages or a fair and reasonable sum to be determined by a jury of twelve (12) peers under the law and evidence. Plaintiffs demand an amount not to exceed $1,100,000 (One Million One Hundred Thousand U.S. Dollars) in compensatory damages to be determined by a jury from this community, as well as punitive damages, not to exceed an additional $2,000,000 (Two-Million U.S. Dollars).  The Plaintiffs further demand any such general relief to which they may be entitled.

Respectfully submitted,

**GRIFFITH LAW FIRM, P.L.L.C.**

**Jonathan L. Griffith, #19405**
**Christopher N. Coyne, #32047**
**GRIFFITHLAW, PLLC**
**Attorneys for the Plaintiff**
**256 Seaboard Lane, Suite E-106**
**Franklin, Tennessee 37067**
**(615) 807-7900**

11

Copy

CIRCUIT COURT SUMMONS                                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 178241

JAMES TAYLOR , et al.

                                     Plaintiff

**vs.**

VELOX EXPRESS INC.
BRENT WALTZ
1527 ASHWOOD COURT
GREENWOOD, IN 46143

                                     Defendant

CIVIL ACTION
DOCKET NO. 20C1956
**Method of Service:**
  Certified Mail

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.**

ISSUED:  09/04/2020

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:**  /s/ Logan Chappell
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JONATHAN GRIFFITH
256 SEABOARD LANE, SUITE E-106
FRANKLIN, TN 37067

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CERTIFICATION

STATE OF TENNESSEE   )
COUNTY OF DAVIDSON  )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: /s/ Logan Chappell D.C.



 **To request an ADA accommodation, please contact Dart Gore at (615) 880-3309**

rev. 09/01/2018

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID

JAMES TAYLOR , et al.

|  | CIVIL ACTION |
|  | DOCKET NO. 20C1956 |

**Method of Service:**
Certified Mail

Plaintiff

vs.

VELOX EXPRESS INC.
BRENT WALTZ
1527 ASHWOOD COURT
GREENWOOD, IN 46143

Defendant

Service ID 178241

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20\_\_\_, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 20C1956 to the Defendant, VELOX EXPRESS INC. . On the \_\_\_\_\_ day of _____, 20\_\_\_, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20\_\_\_. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

_____

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS                PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER PERSON
_____ DAY OF _____, 20\_\_\_\_.                AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
\_\_\_\_\_  NOTARY PUBLIC or \_\_\_\_\_DEPUTY CLERK
MY COMMISSION EXPIRES: _____

**To request an ADA accommodation, please contact Dart Gore at (615) 880-3309**

Rev. 09/01/2018